UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
DOMINICK F. FARIELLO,

                  Plaintiff,

          -against-

THE COUNTY OF NASSAU, NASSAU COUNTY
POLICE OFFICER STEPHEN B. MCPHAIL OFFICER
ID #8786, NASSAU COUNTY SERGEANT ROBERT A.
COHEN, INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES, AND JOHN/JANE DOES 1-10, NASSAU
COUNTY POLICE OFICERS, SUPERVISORS AND/OR
COMMANDERS, INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES,

                  Defendants.
---------------------------------------------------------------------x

**CV-14-3734
(JFB)(ARL)**

**ANSWER**

      NASSAU COUNTY, NASSAU COUNTY POLICE OFFICER STEPHEN B.

MCPHAIL, and NASSAU COUNTY SERGEANT ROBERT A. COHEN, (hereinafter

"County Defendants") by their attorney, Carnell T. Foskey, Nassau County Attorney, by

Deputy County Attorney Richard J. Femia, answer the Complaint as follows:

      1.     Deny the allegations set forth in paragraph "1" of the Complaint and

respectfully refer all questions of law to the Court.

      2.     Deny the allegations set forth in paragraph "2" of the Complaint and

respectfully refer all questions of law to the Court.

      3.     Deny the allegations set forth in paragraph "3" of the Complaint and

respectfully refer all questions of law to the Court.

      4.     Deny the allegations set forth in paragraph "4" of the Complaint and

respectfully refer all questions of law to the Court.

5.      Deny the allegations set forth in paragraph "5" of the Complaint and respectfully refer all questions of law to the Court.

6.       Deny the allegations set forth in paragraph "6" of the Complaint and respectfully refer all questions of law to the Court.

7.      Deny the allegations set forth in paragraph "7" of the Complaint and respectfully refer all questions of law to the Court.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9.      Deny the allegations set forth in paragraph "9" of the Complaint, except aver, that Nassau County is a municipal entity organized under the laws of the State of New York.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12.     Deny the allegations set forth in paragraph "12" of the Complaint, except aver, that a document purporting to be a Notice of Claim was received on July 9, 2013.

13.     Deny the allegations set forth in paragraph "13" of the Complaint, except aver, that the County of Nassau acknowledged receipt of a document purporting to be a Notice of Claim on July 9, 2013.

14.     Admit the allegations in paragraph "14" of the Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Complaint except aver, that the County of Nassau received a document purporting to be a Notice of Claim on July 9, 2013.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

**<u>RESPONSE TO FIRST COUNT</u>**

**42 U.S.C. § 1983**
**FALSE IMPRISONMENT**

29.     Answering paragraph "29" of the Complaint, Defendant repeats and reavers each and every response herein to paragraphs "1" through "28" of the Complaint as though fully set forth herein.

30.     Deny the allegations contained in paragraph "30" of the Complaint.

31.     Deny the allegations contained in paragraph "31" of the Complaint.

32.     Deny the allegations contained in paragraph "32" of the Complaint.

33.     Deny the allegations contained in paragraph "33" of the Complaint.

34.     Deny the allegations contained in paragraph "34" of the Complaint.

35.     Deny the allegations contained in paragraph "35" of the Complaint.

**RESPONSE TO SECOND COUNT**
**42 U.S.C. § 1983**
**FALSE ARREST**

36.     Answering paragraph "36" of the Complaint, Defendant repeats and reavers each and every response herein to paragraphs "1" through "35" of the Complaint as though fully set forth herein.

37.     Deny the allegations contained in paragraph "37" of the Complaint.

38.     Deny the allegations contained in paragraph "38" of the Complaint.

39.     Deny the allegations contained in paragraph "39" of the Complaint.

40.     Deny the allegations contained in paragraph "40" of the Complaint.

41.     Deny the allegations contained in paragraph "41" of the Complaint.

**RESPONSE TO THIRD COUNT**
**42 U.S.C. § 1983**
**MALICIOUS PROSECUTION**

4

42.     Answering paragraph "42" of the Complaint, Defendant repeats and reavers each and every response herein to paragraphs "1" through "41" of the Complaint as though fully set forth herein.

43.     Deny the allegations contained in paragraph "43" of the Complaint.

44.     Deny the allegations contained in paragraph "44" of the Complaint.

45.     Deny the allegations contained in paragraph "45" of the Complaint.

46.     Deny the allegations contained in paragraph "46" of the Complaint.

**RESPONSE TO FOURTH COUNT**
**ASSAULT, BATTERY AND EXCESSIVE FORCE**

47.     Answering paragraph "47" of the Complaint, Defendant repeats and reavers each and every response herein to paragraphs "1" through "46" of the Complaint as though fully set forth herein.

48.     Deny the allegations contained in paragraph "48" of the Complaint.

49.     Deny the allegations contained in paragraph "49" of the Complaint.

50.     Deny the allegations contained in paragraph "50" of the Complaint.

51.     Deny the allegations contained in paragraph "51" of the Complaint.

52.     Deny the allegations contained in paragraph "52" of the Complaint.

53.     Deny the allegations contained in paragraph "53" of the Complaint.

**RESPONSE TO FIFTH COUNT**
**NEGLIGENCE**

54.     Answering paragraph "54" of the Complaint, Defendant repeats and reavers each and every response herein to paragraphs "1" through "53" of the Complaint as though fully set forth herein.

55.     Deny the allegations contained in paragraph "55" of the Complaint.

56.     Deny the allegations contained in paragraph "56" of the Complaint.

57.     Deny the allegations contained in paragraph "57" of the Complaint.


### RESPONSE TO SIXTH COUNT
### 42 U.S.C. § 1983
### MUNICIPAL LIABILITY

58.     Answering paragraph "58" of the Complaint, Defendant repeats and reavers each and every response herein to paragraphs "1" through "57" of the Complaint as though fully set forth herein.

59.     Deny the allegations contained in paragraph "59" of the Complaint.

60.     Deny the allegations contained in paragraph "60" of the Complaint.

61.     Deny the allegations contained in paragraph "61" of the Complaint.

62.     Deny the allegations contained in paragraph "62" of the Complaint.

63.     Deny the allegations contained in paragraph "63" of the Complaint.

64.     Deny the allegations contained in paragraph "64" of the Complaint.

65.     Deny the allegations contained in paragraph "65" of the Complaint.

66.     Deny the allegations contained in paragraph "66" of the Complaint.

67.     Deny the allegations contained in paragraph "67" of the Complaint.

68.     Deny the allegations contained in paragraph "68" of the Complaint.

69.     Deny the allegations contained in paragraph "69" of the Complaint.

### RESPONSE TO SEVENTH COUNT
### 42 U.S.C. § 1983
### VIOLATION OF CONSTITUIONAL RIGHTS

70.     Answering paragraph "70" of the Complaint, Defendant repeats and reavers each and every response herein to paragraphs "1" through "69" of the Complaint as though fully set forth herein.

71.     Deny the allegations contained in paragraph "71" of the Complaint.

72.     Deny the allegations contained in paragraph "72" of the Complaint.

73.     Deny the allegations contained in paragraph "73" of the Complaint.

74.     Deny the allegations contained in paragraph "74" of the Complaint.

75.     Deny the allegations contained in paragraph "75" of the Complaint.

76.     Deny the allegations contained in paragraph "76" of the Complaint.

77.     Deny the allegations contained in paragraph "77" of the Complaint.

## RESPONSE TO EIGTH COUNT
## 42 U.S.C. § 1983
## FAILURE TO INTERVENE

78.     Answering paragraph "78" of the Complaint, Defendant repeats and reavers each and every response herein to paragraphs "1" through "77" of the Complaint as though fully set forth herein.

79.     Deny the allegations contained in paragraph "79" of the Complaint.

80.     Deny the allegations contained in paragraph "80" of the Complaint.

81.     Deny the allegations contained in paragraph "81" of the Complaint.

82.     Deny the allegations contained in paragraph "82" of the Complaint.

## RESPONSE TO NINTH COUNT
## ABUSE OF PROCESS (PENDENT STATE CLAIM)

83.     Answering paragraph "83" of the Complaint, Defendant repeats and reavers each and every response herein to paragraphs "1" through "82" of the Complaint as though fully set forth herein.

84.     Deny the allegations contained in paragraph "84" of the Complaint.

85.     Deny the allegations contained in paragraph "85" of the Complaint.

86.     Deny the allegations contained in paragraph "86" of the Complaint.

## AFFIRMATIVE DEFENSES

87.     Plaintiff has failed to state a cause of action against Defendants upon which relief can be granted.

88.     Plaintiff has not complied with Section 50-e and/or 50-i and/or 50-h of the General Municipal Law of the State of New York.

89.     Plaintiff has not complied with Section 52 of County Law of the State of New York.

90.     Plaintiff has failed to mitigate her damages in this matter.

91.     That at all times herein mentioned and mentioned in the Complaint, the peace officers, and/or agents, servants or employees of the Defendant County of Nassau, having anything to do with the Plaintiff were in the performance of their respective duties as peace officers, and/or agents, servants or employees of the Defendant County of Nassau; that all of the acts performed by each peace officer, and/or agent, servant or employee of the Defendant County of Nassau in connection with Plaintiff were performed in good faith, without malice, and with reasonable and proper cause in the ordinary course of their duties as such peace officers, and/or agents, servants or employees of the Defendant County of Nassau, and as peace officers of the State of New York, and as required by them and each of them by reason of Plaintiff's conduct and Plaintiff's arrest and confinement.

92.     Pursuant to the *Monell* doctrine, the County of Nassau cannot be held liable for the acts of its employees solely on the basis of respondeat superior in a 42 U.S.C. § 1983 action, and consequently the County cannot be liable for the acts or conduct of any individual defendant herein, as a matter of law.

93.     The actions complained of were in full accord with the applicable law.

94.     Plaintiff's constitutional and statutory rights have not been violated by the Defendants herein.

95.     The County of Nassau, its agencies, departments and/or employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

96.     The alleged acts or omissions of the Defendants were not the proximate cause of any injuries or damages incurred by Plaintiff.  Any injuries or damages incurred by Plaintiff were the result of her own actions, the actions of others and/or the superseding intervention of causes outside the control of the Defendants.

97.     Punitive damages may not be recovered against the County of Nassau as a matter of law.

98.     Plaintiff has failed to extinguish all available state remedies and, therefore is not entitled to institute the within claim.

99.     Pursuant to the New York Civil Procedure Law and Rules ("CPLR") Section 1603, the Defendants assert the limitations contained in CPLR Sections 1601 and 1602 and all rights contained therein.

100.    If the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained through and by virtue of the negligent, reckless and/or wrongful conduct, acts or omissions of a third party, without any negligence, wrongdoing acts or omissions on the part of Defendants contributing thereto.

101.    If the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the negligent, reckless and/or wrongful conduct of the Plaintiff, without any negligence or wrongdoing on the part of the Defendants contributing thereto.

102.    Should the Plaintiff recover damages as a result of a finding of liability in

whole or in part as against Defendants, such recovery should be reduced and diminished in proportion to the degree of comparative negligence, recklessness and/or wrongdoing of Plaintiff in contributing to such damages.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint as against Defendants, in its entirety, with prejudice, together with the costs and disbursements of this action, and such other relief as deemed just by the Court.

Dated: Mineola, New York
       July 15, 2014

<div style="margin-left:40%">

Carnell T. Foskey
Nassau County Attorney


BY: _____/s/_____
Richard J. Femia
Deputy County Attorney
One West Street
Mineola, New York 11566
(516) 571-0709
*Attorney for Defendants*

</div>

TO:     Sullivan & Brill, LLP
        Attorneys for Plaintiff
        115 Broadway 17th Floor
        New York, New York 10006
        *Via ECF*